JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tysha Melton and Eliacin Juarbe

**DEFENDANTS**

City of Philadelphia, Philadelphia Sheriff's Dept., Rochelle Bilal, Byron Hardman and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mary LeMieux-Fillery, Esq.; 2 Penn Center, 1500 JFK Blvd., Suite 1240, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 | U.S. Government Defendant | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
12/28/2023

SIGNATURE OF ATTORNEY OF RECORD
s/ Mary LeMieux-Fillery

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions.</u>

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___6145 N Beachwood St., Philadelphia, PA 19138_____

Address of Defendant: ___100 S Broad St #5, Philadelphia, PA 19110_____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE IF ANY:***

Case Number:_____  Judge:_____  Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year
   previously terminated action in this court?                                                      Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit
   Pending or within one year previously terminated action in this court?                           Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier
   Numbered case pending or within one year previously terminated action of this court?             Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed
   by the same individual?                                                                          Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated
action in this court except as note above.

DATE: 12/28/23          *s/ Mary LeMieux-Fillery*                        312785
                        Attorney-at-Law *(Must sign above)*              Attorney I.D. # (if applicable)

---

**Civil (Place a √ in one category only)**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ___Mary LeMieux-Fillery_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒    Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action
      case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: ___12/28/23___          *s/ Mary LeMiuex-Fillery*                  312785
                              Attorney-at-Law *(Sign here if applicable)*  Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYSHA MELTON** | : | |
| | : | |
| And | : | |
| | : | |
| **ELIACIN JUARBE** | : | |
| | : | JURY DEMANDED |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. |
| **CITY OF PHILADELPHIA,** | : | |
| **PHILADELPHIA SHERIFF'S** | : | |
| **DEPARTMENT, ROCHELLE BILAL,** | : | |
| **In her individual and official capacity** | : | |
| **as Philadelphia Sheriff's Department** | : | |
| **Chief, BYRON HARDMAN** | : | |
| **in his individual and official capacity** | : | |
| **as a Philadelphia Sheriff's Department** | : | |
| **Sergeant, and currently UNKNOWN** | : | |
| **OFFICERS of the Philadelphia Sheriff's** | : | |
| **Department in their individual capacities,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    The Plaintiffs, Tysha Melton ("Melton") and Eliacin Juarbe ("Juarbe"), bring this

action against the Defendants, City of Philadelphia, Philadelphia Sheriff's Department,

Philadelphia Sheriff's Department Chief – Rochelle Bilal ("Bilal"), Philadelphia Sheriff's

Department Sergeant – Byron Hardman ("Hardman") and currently Unknown Officers of the

Philadelphia Sheriff's Department ("Officers"), pursuant to 42 U.S.C. § 1983, alleging that

the Defendants violated their rights as protected by the Fourth and Fourteenth Amendments

of the United States Constitution and the Defendants violated Pennsylvania State law.

## PARTIES

2.      Melton is a resident of the State of Pennsylvania. At all relevant times to this action, Melton resided within the Eastern District of Pennsylvania.

3.      Juarbe is a resident of the State of Pennsylvania. At all relevant times to this action, Juarbe resided within the Eastern District of Pennsylvania.

4.      Travys Taylor ("Taylor"), age 28 and Plaintiffs' son, was murdered by a masked gunman at a takeout restaurant in Kensington on October 26, 2021.

5.      The City of Philadelphia is a municipality located within the Eastern District of Pennsylvania.

6.      The Philadelphia Sheriff's Department is a governmental entity located within the Eastern district of Pennsylvania.

7.      Bilal was employed by the City of Philadelphia, as Chief Sheriff during the times relevant hereto.

8.      Hardman was employed by the Philadelphia Sherriff's Department, as a Sergeant Sheriff during the times relevant hereto.

9.      Officers were employed with the Philadelphia Sheriff's Department within the Eastern District of Pennsylvania at all times relevant hereto.

10.     Plaintiffs' State law claims arise from the same common nucleus of operative facts as their federal law claims and all claims form a single case and controversy under Article III of the United States Constitution.

**JURISDICTION AND VENUE**

11.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

12.     Defendants, acting under color of State Law, intentionally and with reckless disregard, violated Plaintiffs' rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

13.     Bilal is a "person" within the meaning of 42 U.S.C. § 1983.

14.     Hardman is a "person" within the meaning of 42 U.S.C. § 1983.

15.     The individual Officers are – individually – a "person" within the meaning of 42 U.S.C. § 1983.

16.     All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Eastern District of Pennsylvania, thus, venue is proper in this Court.

## FACTUAL ALLEGATIONS

17.     On January 28, 2022, pending criminal charges against Taylor were dismissed in Pennsylvania court, and the docket was marked "Case Dismissed – Defendant Deceased," as reflected on Pennsylvania's Common Pleas Case Management System ("CPCMS") database.

18.     On or about March 25, 2022, Defendant Hardman selected an outstanding Bench Warrant for Taylor to be executed at Plaintiffs' residence.

19.     On March 25, 2022, Defendant Hardman conducted four database searches, each designed to confirm that the target of a bench warrant likely resides at the target address and is not deceased or incarcerated.

20.     One of the said databases searched by Defendant Hardman includes the CPCMS database, but the type of search ran by Defendant Hardman failed to notify him that Taylor had been deceased for 4 months and 27 days, and the CPCMS system did, in fact, note that Taylor was deceased, at least as early as January 28, 2022.

21.     On or about March 25, 2022, at 8:30 AM, Plaintiffs were asleep at their residence when there was a banging on the door.

22.     Plaintiff Juarbe peeked in their second-floor bedroom window, and viewed and heard various members of law enforcement in black tactical uniform yelling "Police! Police! Where is he?"

23.     Plaintiffs walked downstairs to the front door. When Plaintiff Melton opened the door, more than a dozen Officers physically forced their way inside with guns in hand, pushing Plaintiff Melton's lower back into her television stand, and directly pointing their guns at Plaintiffs.

24.     Defendant Officers eventually announced they were looking for Plaintiff's son, Taylor.

25.     Taylor had a bench warrant for his arrest for failing to appear in court on marijuana and trespassing charges.

26.     Defendant Officers searched the upstairs bedroom and found a memorial she built for him: smiling photos of her son, and a replica of an Eagles helmet atop a box with his ashes.

27.     After seeing their warrant was wrongful, Defendant Officers quickly left the house, covering their badges as they scrambled out the door.

28.     On March 25, 2022, and well before said date, Defendants Hardman and Bilal were aware of numerous previous instances of the Philadelphia Sheriff's Department executing search warrants for individuals who were deceased and failed to implement new policies designed to correct said past errors and/or oversights.

## COUNT I:

## VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS

29.     Plaintiffs hereby incorporate paragraphs one (1) through twenty-eight (28) of their Complaint.

30.     Defendant Hardman, by negligently failing to identity the target of a search warrant as deceased, along with giving the Defendants a lack of probable cause, subjected Plaintiffs to unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

31.     Defendant Officers, by the use of excessive force, subjected Plaintiffs to unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

32.     The wrongful conduct of Defendant Hardman and Defendant Officers was the direct and proximate cause of the injuries sustained by Plaintiffs.

33.     Defendant Hardman and Defendant Officers acted pursuant to an established policy, procedure or custom.

34.     Defendant Hardman and Defendant Officers' actions were reckless, intentional, malicious and in bad faith.

35.     Defendant Hardman and Defendant Officers are liable to Plaintiffs for their wrongful conduct within the scope of their employment and when working in furtherance of the Defendant City of Philadelphia, Defendant Philadelphia Sheriff's Department, and Defendant Bilal at the time of the conduct.

36.     The individual acts of Defendant Hardman and Defendant Officers are deemed to be acts of the employer under the principle of *respondeat superior*.

37.     Defendant Bilal, Defendant City of Philadelphia and Defendant Philadelphia
Sheriff's Department are joint and severally liable for the injuries received by Plaintiffs.

## COUNT II:

## NEGLIGENT TRAINING AND SUPERVISION

38.     Plaintiffs hereby incorporate paragraphs one (1) through thirty-six (36) of their
Complaint.

39.     Defendant City of Philadelphia, by and through the Philadelphia Sheriff's
Department and its various Officers, and Defendant Bilal are responsible for establishing the
policy, procedure and customs complained about herein.

40.     Defendant City of Philadelphia, Defendant Philadelphia Sheriff's Department and
Defendant Bilal had an obligation and duty to Plaintiffs to properly train and supervise the
Defendant Officers on the use of unreasonable/excessive force and to properly train and
supervise Defendant Hardman how to determine if the target of a search warrant is deceased.

41.     These actions and omissions by the City of Philadelphia, through the Philadelphia
Sheriff's Department and Defendant Bilal demonstrates a callous indifference to the rights of
Plaintiffs and other individuals who are harmed by police conduct; and such consequence is
reasonably foreseeable by the Defendant City of Philadelphia, Defendant Philadelphia
Sheriff's Department and Defendant Bilal. Such failure to train, supervise, and later to
investigate and discipline the sheriffs involved reflects a deliberate and conscious
indifference by the Defendant City of Philadelphia, Defendant Philadelphia Sheriff's
Department, and Defendant Bilal.

42.     Defendant City of Philadelphia, Defendant Philadelphia Sheriff's Department and
Defendant Bilal by virtue of its policies, practices and procedures know or should have

reasonably known of the continuing and the serious frequency of the use of unreasonable/excessive force and the wrongful execution of a search warrant against a decedent.

43.     The use of unreasonable/excessive force and wrongful execution of a search warrant against a decedent violates the constitutional rights of individuals so that the need for further training must have been plainly obvious and their failure to undertake adequate training demonstrates a deliberate indifference to Plaintiffs' Constitutional Rights.

## COUNT III:

## VIOLATIONS OF THE PENNSYLVANIA CONSTITUTION

44.     Plaintiffs hereby incorporate paragraphs one (1) through forty-three (44) of their complaint.

45.     Defendant Hardman, by negligently using the information he had, subjected Plaintiffs to unreasonable search and seizure, in violation of Article 1, Sections 8 and 26 of the Pennsylvania Constitution.

46.     Defendant Officers, by the use of excessive force, subjected Plaintiffs to unreasonable search and seizure, in violation of Article 1, Sections 8 and 26 of the Pennsylvania Constitution.

47.     The wrongful conduct of Defendant Hardman and Defendant Officers was the direct and proximate cause of the injuries sustained by Plaintiffs.

48.     Defendant Hardman and Defendant Officers are liable to Plaintiffs for their wrongful conduct within the scope of their employment and when working in furtherance of the Defendant City of Philadelphia and Defendant Philadelphia Sheriff's Department at the time of the conduct.

49.     The individual acts of Defendant Hardman and Defendant Officers are deemed to be acts of the employer under the principle of *respondeat superior*.

50.     Defendant Bilal, Defendant City of Philadelphia and Defendant Philadelphia Sheriff's Department are joint and severally liable for the injuries received by Plaintiffs.

## COUNT IV:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiffs hereby incorporate paragraphs one (1) though fifty (50) of their Complaint.

52.     The actions taken by Defendant Hardman and Defendant Officers were done negligently and with reckless disregard for Plaintiffs.

53.     As a result of the actions taken by Defendant Hardman and Defendant Officers, Plaintiffs have suffered and continue to suffer severe mental anguish and emotional distress.

54.     Defendant Hardman and Defendant Officers are liable to Plaintiffs for their wrongful conduct within the scope of their employment and when working in furtherance of the Defendant City of Philadelphia, Defendant Philadelphia Sheriff's Department and Defendant Rochelle Bilal at the time of the conduct.

55.     The individual acts of Defendant Officers are deemed to be acts of the employer under the principle of *respondeat superior*.

56.     Defendant Bilal, Defendant City of Philadelphia and Defendant Philadelphia Sheriff's Department are joint and severally liable for the injuries received by Plaintiffs.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, Tysha Melton and Eliacin Juarbe, by counsel, respectfully requests that this Court find for Plaintiffs and order that the Defendants:

A. Pay to Plaintiffs compensatory, exemplary and punitive damages;

B. Award actual damages to Plaintiffs to adequately compensate for her injuries;

C. To declare the conduct and practices of the Defendants unlawful and to enjoin them
from similar conduct;

D. Pay to Plaintiffs consequential damages;

E. Pay to plaintiffs pre- and post-judgment interest;

F. Pay Plaintiffs' costs and attorney fees incurred in litigating this action; and,

G. Pay to Plaintiffs any and all other legal and/or equitable damages this Court sees fit to
grant.

**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY: *s/ Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff


Date: December 28, 2023