IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHA MELTON & ELIACIN JUARBE,** | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 23-5148 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED.** Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
JOSHUA D. WOLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYSHA MELTON & ELIACIN JUARBE, | : |
| Plaintiffs, | : Civil Action |
| v. | : No. 23-5148 |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia (including the "Philadelphia Sheriff's Department," which is not a legal entity separate from the City itself), Rochelle Bilal, and Byron Hardman (collectively, "Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Respectfully submitted,

/s/ Adam R. Zurbriggen
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHA MELTON & ELIACIN JUARBE,** | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 23-5148 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

Date: February 23, 2024

/s/ Adam R. Zurbriggen
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

*Attorney for Defendants*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 3

II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND ................................... 3

   A. The Warrant Execution at Issue ............................................................................. 3

   B. The Previous Action in the Philadelphia Court of Common Pleas ............................. 4

   C. This Federal Action ................................................................................................ 6

III. LEGAL STANDARD ..................................................................................................... 7

IV. ARGUMENT ................................................................................................................... 8

   A. Because the Previous Action, Which Was Based on the Same Underlying Facts, Was Dismissed with Prejudice, this Subsequent Action is Barred by Res Judicata. .................................................................................................................. 8

   B. Alternatively, the Complaint Fails to State a Plausible Claim for a Violation of Plaintiffs' Fourth Amendment Rights, Or That the City is Subject to Municipal Liability for Any Such Violation. ........................................................................... 12

     1. The Complaint Does Not Plausibly Allege a Violation of Plaintiffs' Fourth Amendment Rights. ............................................................................................. 12

     2. The Complaint Does Not Plausibly Allege That Any Such Violation Is Attributable to a City Policy, Custom, or Failure to Train or Supervise. ................. 14

V. CONCLUSION ............................................................................................................. 16

I. **INTRODUCTION**

This matter arises out of the execution of a bench warrant by Philadelphia Sheriff's Department Officers at the Plaintiffs' residence on March 25, 2022. The bench warrant was for the arrest of Plaintiffs' son, Travys Taylor, but Mr. Taylor had passed away the previous October. The gravamen of the Complaint is that the Sheriff's Department knew or should have known that Mr. Taylor was deceased, rendering the warrant moot, and thus should not have executed the warrant. But importantly to this motion, the warrant execution at issue was also the subject of a previous lawsuit that Plaintiffs, Tysha Melton and Eliacin Juarbe, filed in the Philadelphia Court of Common Pleas. Because that court has already dismissed that previous matter *with prejudice*—a final judgment that has not been appealed—this subsequent, federal action is barred in its entirety by the doctrine of res judicata. Alternatively, the Complaint fails to plausibly allege a Fourth Amendment violation, and fails to establish municipal liability for any such violation. For these reasons, Defendants now move to dismiss this action with prejudice.

II. **RELEVANT FACTUAL & PROCEDURAL BACKGROUND**[1]

A.   **The Warrant Execution at Issue**

As alleged in the Complaint in this action, on March 25, 2022, Defendant Philadelphia Sheriff's Sergeant Byron Hardman ("Sgt. Hardman"), along with other unidentified law enforcement officers, executed a bench warrant at Plaintiffs' residence. *See* Compl., ECF No. 1, at ¶¶ 18, 21–25. While entering Plaintiffs' residence during the warrant execution, the officers allegedly "push[ed] Plaintiff Melton's lower back into her television stand, and directly point[ed] their guns at Plaintiffs." *Id.* ¶ 23.

---

[1] Defendants assume the truth of any well-pled factual allegations only for purposes of this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which the truth of any well pled factual allegations must be assumed.

The warrant was for Plaintiffs' son, Travys Taylor ("Mr. Taylor"), who "had a bench warrant for his arrest for failing to appear in court on marijuana and trespassing charges." Compl., ECF No. 1, at ¶ 25; *see also id.* ¶ 24. But Mr. Taylor had died several months earlier, in October 2021. *Id.* ¶ 4. According to the Complaint, after searching the upstairs bedroom and seeing a memorial to Mr. Taylor, the officers left. *Id.* ¶¶ 26–27.

In their Complaint, Plaintiffs allege that, before executing the warrant for Mr. Taylor, Sgt. Hardman "conducted four database searches, each designed to confirm that the target of a bench warrant likely resides at the target address and is not deceased or incarcerated." Compl., ECF No. 1, at ¶ 19. According to the Complaint, one of these databases—Pennsylvania's Common Pleas Case Management System ("CPCMS")—"did, in fact, note that [Mr.] Taylor was deceased, at least as early as January 28, 2022." *Id.* ¶ 20. Yet, for unspecified reasons, "the type of search [of the CPCMS system] ran by [Sgt.] Hardman failed to notify him that [Mr.] Taylor had been deceased for 4 months and 27 days." *Id.*

Plaintiffs further assert—without specific factual allegations in support—that "well before" the warrant execution on March 25, 2022, Sgt. Hardman and Defendant Philadelphia Sheriff Rochele Bilal "were aware of numerous previous instances of the Philadelphia Sheriff's Department executing search warrants for individuals who were deceased and failed to implement new policies designed to correct said past errors and/or oversights." Compl., ECF No. 1, at ¶ 28.

### B. The Previous Action in the Philadelphia Court of Common Pleas

About two months after the warrant execution, on May 19, 2022, Plaintiffs brought a lawsuit about it in the Philadelphia Court of Common Pleas (this suit is referred to hereafter as "the Previous Action"). *See* Civil Docket Sheet, *Melton & Juarbe v. Phila. Sheriff's Dept., et al.*, Case No. 220501803 (Phila. Ct. Com. Pl.), downloaded on February 23, 2024, and attached

4

hereto as Ex. A. In their initial Complaint in the Previous Action, Plaintiffs named as Defendants the Philadelphia Sheriff's Department, the Philadelphia Police Department, the City of Philadelphia, and unnamed John Does. *See generally* Compl. in Previous Action, attached hereto as Ex. B. That initial Complaint asserted just state law claims: negligence, assault, negligent infliction of emotional distress, and invasion of privacy – intrusion upon seclusion. *See* Ex. B at ¶¶ 22–48. But importantly, like the Complaint in this matter, the gravamen of the Complaint in the Previous Action was that Defendants "fail[ed] to reasonabl[y] investigate before effectuating a search warrant, including not checking if [Mr.] Taylor was still alive." Ex. B at ¶ 39.

Plaintiffs subsequently filed an Amended Complaint, followed by a Second Amended Complaint, and then a Third Amended Complaint. *See generally* Ex. A (docket entries of August 9, September 19, and November 1, 2022, in the Previous Action). The Third Amended Complaint added Sgt. Hardman as a defendant, asserting against him state law claims for assault and battery, intentional infliction of emotional distress, and invasion of privacy – intrusion upon seclusion. *See generally* 3d Am. Compl., Previous Action, attached hereto as Ex. C.

On December 21, 2022, the Court of Common Pleas sustained in part Defendants' preliminary objections to the Third Amended Complaint, dismissing with prejudice all claims against the City of Philadelphia, as well as the Police and Sheriff's Departments, but permitting the other claims against Sgt. Hardman to proceed. *See* 12/21/2022 Or. in Previous Action, attached hereto as Ex. D.

Following some discovery in the Previous Action, Plaintiffs sought and obtained leave to file a Fourth Amended Complaint. *See* Ex. A (docket entries of May 30 and July 18, 2023). The Fourth Amended Complaint added Philadelphia Sheriff Rochelle Bilal as a Defendant. *See generally* 4th Am. Compl. in Previous Action, attached hereto as Ex. E. But it dropped the

5

intentional tort claims in favor of one claim of negligence against each Defendant, Sgt. Hardman and Sheriff Bilal. *See id.* at ¶¶ 21–42.

Once again, on July 27, 2023, Defendants filed preliminary objections to the Fourth Amended Complaint. *See* Ex. A (docket entry of July 27, 2023, in the Previous Action). Plaintiffs then filed an answer in opposition to those preliminary objections. *See id.* (docket entry of August 9, 2023). On September 14, 2023, the Court of Common Pleas sustained those preliminary objections and dismissed the Previous Action with prejudice. *See* 9/14/2023 Or. in Previous Action, attached hereto as Ex. F. That order was not appealed, *see* Ex. A (docket in Previous Action), and the time for appeal of that order has now passed. *See* Pa. R. App. P. 903 (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

    **C.**    **This Federal Action**

On December 28, 2023, Plaintiffs initiated this federal action. The Complaint in this matter names as Defendants the City of Philadelphia, the Philadelphia Sheriff's Department (which is not a legal entity separate from the City itself), Sheriff Bilal, Sgt. Hardman, and "currently Unknown Officers" of the Sheriff's Department. *See* Compl., ECF No. 1, at 1 & ¶¶ 5–9.

Like the Previous Action, the gravamen of Plaintiffs' Complaint in this suit is that Defendants—in the course of the warrant execution—"negligently fail[ed] to identify the target of a search warrant [i.e., Mr. Taylor] as deceased." Compl., ECF No. 1, at ¶ 30. In this action, however, instead of asserting state law claims, Plaintiffs assert federal civil rights claims under 42 U.S.C. § 1983, including a claim for violations of Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures (Count I), and a derivative municipal liability claim

6

under § 1983, contending that the violations were the result of a failure-to-train or supervise on the part of the City of Philadelphia (Count II).[2]

Defendants now move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' Complaint in this matter in its entirety as barred by res judicata, or, alternatively, for failure to include sufficient factual allegations to make out a plausible claim under § 1983.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

In addition to the factual allegations of the complaint, on a motion to dismiss for failure to state a claim based on the applicability of res judicata, a court may take judicial notice of, and therefore consider, the court records of the previous action. *See, e.g.*, *Lewis v. O'Donnell*, 674 F. App'x 234, 237 (3d Cir. 2017); *see also Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (holding that, in deciding a motion to dismiss based on res judicata, "a court may take judicial notice of the record from a previous court proceeding

---

[2] Plaintiffs also initially asserted state law claims for violations of the Pennsylvania Constitution and negligent infliction of emotional distress (Counts III and IV, respectively). But as a result of the parties' meet-and-confer preceding the pre-motion conference, the parties were able to reach an agreement to dismiss these claims. *See* ECF No. 5 (stipulation of dismissal as to Counts III and IV).

7

between the parties" (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848, F.2d 414, 416 n.2 (3d Cir. 1988)).

IV. **ARGUMENT**

Plaintiffs' Complaint should be dismissed in its entirety for two independent reasons. First, because the Philadelphia Court of Common Pleas granted Defendants' preliminary objections and dismissed the Previous Action *with prejudice*, and because the Previous Action and this matter concern the same underlying events, this subsequent federal action is barred by the doctrine of res judicata. Second and alternatively, even if the action were not barred in its entirety by res judicata, the only remaining counts (Counts I and II) fail to state a plausible violation of Plaintiffs' Fourth Amendment rights, and even if they did, they fail to plausibly attribute such violation to a City policy, custom, or failure to train as required to establish municipal liability under 42 U.S.C. § 1983.

These issues are addressed in turn.

A. **Because the Previous Action, Which Was Based on the Same Underlying Facts, Was Dismissed with Prejudice, this Subsequent Action is Barred by Res Judicata.**

The order of the Philadelphia Court of Common Pleas dismissing the Previous Action with prejudice—which was not appealed—is a final judgment with preclusive effect under the doctrine of res judicata. *See, e.g.*, *Joell v. Northwestern Human Servs.*, No. 13-cv- 2013 WL 5823738, at *4 (E.D. Pa. Oct. 29, 2013) (explaining that, under Pennsylvania law, the sustaining of preliminary objections and dismissal of a complaint with prejudice, where appeal is not pending, is a final judgment on the merits with a preclusive effect).

With respect to previous Pennsylvania state court judgments, federal courts give these judgments the same preclusive effect that Pennsylvania courts would give them under state law. *See, e.g.*, *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006); *see also*

8

*Lance v. Dennis*, 547 U.S. 459, 466 (2006) ("Congress has directed federal courts to look principally to *state* law in deciding what effect to give state-court judgments"). Accordingly, because the Philadelphia Court of Common Pleas is a Pennsylvania state court, to determine the preclusive effect of that court's order dismissing the Previous Action with prejudice, this Court must look to Pennsylvania state law.

In turn, under Pennsylvania law, the doctrine of res judicata applies to bar "a later action on all or part of the claim which was the subject of the first action." *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995); *see also Turner*, 449 F.3d at 548 (quoting this holding in *Balent*). Specifically, for res judicata to apply, "there must be a concurrence of four conditions: (1) identity in the thing sued upon; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Bearoff v. Bearoff Bros.*, 327 A.2d 72, 74 (Pa. 1974) (quoting *Stevenson v. Silverman*, 208 A.2d 786, 787–88 (Pa. 1965)); *see also Turner*, 449 F.3d at 548 (quoting this holding from *Bearoff*).

Here, there is clear concurrence in all four conditions between the Previous Action in the Court of Common Pleas and this federal action. As to the first condition, in both the Previous Action and this federal action, Plaintiffs sought monetary damages for harms allegedly caused by the warrant execution at their residence. *Compare* Ex. E (4th Am. Compl. in Previous Action) at ¶¶ 31, 42, *with* Compl., ECF No. 1, at ¶ 37 & pp. 11–12 (requested relief). And as to the third and fourth conditions, there can be no dispute that the identity and capacity of the parties to the two actions are the same: Plaintiffs Tysha Melton and Eliacin Juarbe brought both the Previous Action and this federal action, and they named as Defendants in both actions the City of Philadelphia, the Philadelphia Sheriff's Department (though the Department is not a separate

legal entity from the City of Philadelphia itself, *see, e.g.*, *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005)), Sgt. Hardman, Sheriff Bilal, and unidentified officers. *Compare* Compl., ECF No. 1), *with* Ex. B (initial Complaint in the Previous Action, naming the City, the Police Department, the Sheriff's Department, and John Does); Ex. E (4th Am. Compl. in Previous Action naming Sgt. Hardman and Sheriff Bilal).

That leaves just the second condition—the identity of the cause of action. And importantly, this condition does not mean that the *legal* claims in the two actions must be the same. On the contrary, and as the Pennsylvania Supreme Court has explained, "[*r*]*es judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Balent*, 669 A.2d at 313 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). That is because "cause of action" refers not to the "specific legal theory invoked" but rather to "the similarity of the underlying events giving rise to the various claims." *Turner*, 449 F.3d at 549 (quoting *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)).

Here, the underlying events giving rise to the various claims in the two actions are the same: they are, in sum, the events surrounding warrant execution. Specifically, in both actions Plaintiffs alleged that their son, Mr. Taylor, had died several months before the warrant execution, and yet the Defendants failed to learn about his death before executing what was a moot warrant for his arrest. *Compare, e.g.*, Ex. B (4th Am. Compl. in Previous Action) at ¶¶ 6, 11, 23, *with* Compl., ECF No. 1, at ¶¶ 4, 20, 30. And in both actions Plaintiffs alleged that the warrant execution led to Plaintiff Melton being pushed into her television stand as the officers entered her residence, and the officers' guns being pointed at Plaintiffs. *Compare* Ex. B (4th Am. Compl. in Previous Action) at ¶ 14, *with* Compl., ECF No. 1, at ¶ 23.

Because the underlying events giving rise to the two actions are the same, it does not matter for purposes of res judicata that, in the Previous Action, Plaintiffs asserted only state law claims—for negligence, assault and battery, intentional infliction of emotional distress and invasion of privacy - intrusion upon seclusion—whereas in this federal action Plaintiffs asserted federal claims for constitutional violations under § 1983. *See, e.g.*, *Turner*, 449 F.3d at 542 (applying Pennsylvania law of res judicata, affirming dismissal of subsequent federal suit, and rejecting the plaintiff's argument that federal claims not raised in the previous state suit gave rise to a new "cause of action," and explaining that the new federal claims were based on the "same allegedly wrongful acts" and could have been brought in the previous action). Again, the "specific legal theory invoked" does not control; the similarity of the underlying facts does. *Turner*, 449 F.3d at 549 (quoting *McArdle*, 627 A.2d at 1222).

Ultimately, because the claims involved the same underlying events, Plaintiffs could have brought their § 1983 claims based on the warrant execution in the Previous Action. But they did not do so, and, as a result, res judicata precludes them from doing so in a second action. *See Spinelli v. Maxwell*, 243 A.2d 425, 483 (Pa. 1968) (explaining that res judicata serves the "sound policy" purpose of "avoid[ing] subjecting a person to a multiplicity of lawsuits by splitting up a single claim arising from the same tortious act"); *see also Turner*, 449 F.3d at 551 (citing *Spinelli* and noting "Pennsylvania courts' long-standing disapproval of claim splitting").

In sum, because the Previous Action asserted by Plaintiffs against the Defendants concerned the same underlying events (i.e., the warrant execution), and because Plaintiffs could have brought their § 1983 claims based on the warrant execution in the Previous Action, the dismissal of the Previous Action with prejudice precludes this federal action in its entirety under

11

the doctrine of res judicata. Accordingly, Plaintiffs' Complaint in this second action should be dismissed in its entirety with prejudice.

      **B.    Alternatively, the Complaint Fails to State a Plausible Claim for a Violation of Plaintiffs' Fourth Amendment Rights, Or That the City is Subject to Municipal Liability for Any Such Violation.**

Even if this action were not barred in its entirety by res judicata, dismissal of Plaintiffs' Complaint is still appropriate, as the only remaining claims in the Complaint—Counts I and II—fail to state a plausible violation of Plaintiffs' Fourth Amendment rights, and, even if they did, they fail to plausibly attribute such violation to a City policy, custom, or failure to train or supervise as required to establish municipal liability under § 1983.

          1.    *The Complaint Does Not Plausibly Allege a Violation of Plaintiffs' Fourth Amendment Rights.*

As to a violation of Plaintiffs' Fourth Amendment rights, nothing alleged in the Complaint plausibly suggests any facial invalidity of the bench warrant for Mr. Taylor's arrest. *See, e.g.*, *Messerschmidt v. Millender*, 565 U.S. 535, (1987) (explaining that "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in objective good faith"). Rather, the Complaint suggests that Sgt. Hardman should have known that the warrant was moot in light of Mr. Taylor's death. *See* Compl., ECF No. 1, at ¶ 30. But the Complaint does not plausibly allege that Sgt. Hardman or anyone else at the Sheriff's Department was in possession of information that would make reliance on that facially valid warrant objectively unreasonable or in bad faith. *See, e.g.*, *Sheer v. Taylor*, No. 22-cv-764, 2023 WL 4211510, at *10 (W.D. Pa. June 2, 2023) (dismissing plaintiff's Fourth Amendment claim where plaintiff "ha[d] alleged no facts or circumstances in the possession of the[] [d]efendant officers to suggest that their reliance on the facially valid warrant was unreasonable").

12

Instead, the Complaint merely alleges that Sgt. Hardman *did* investigate to determine whether the warrant was moot by conducting four database searches—and yet the CPCMS search "failed to notify him that [Mr.] Taylor had been deceased." Compl., ECF No. 1, at ¶¶ 17–20. The Complaint does not allege *why* this system allegedly failed to notify Sgt. Hardman, such that the Court can draw the reasonable inference that Sgt. Hardman acted in an objectively unreasonable manner.

And while excessive force does not appear to be the gravamen of Plaintiffs' Fourth Amendment claim, to the extent Plaintiffs are asserting such a claim, the Complaint fails to allege facts that would support liability on that basis. It is only alleged that Plaintiff Melton was pushed into her television stand when officers forced their way inside the residence. *See* Compl., ECF No. 1, at ¶ 23. No other facts are alleged that support the conclusion that the use of force was an attempt to "seize" Plaintiff Melton, and even assuming such an attempted seizure, that the force was objectively unreasonable. *See, e.g.*, *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) ("To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable.").

In sum, whether under the theory that the warrant execution was an unreasonable search because the bench warrant was mooted by Mr. Taylor's death, or under the theory of excessive force, Plaintiffs have not alleged sufficient facts which, if true, plausibly support a Fourth Amendment violation. For that reason, both Plaintiffs' Fourth Amendment claim (Count I) and the derivative municipal liability claim (Count II) should be dismissed. *See Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (providing that "there must . . . be a violation of the plaintiff's constitutional rights" for a municipal liability claim under § 1983 to proceed).

### 2. *The Complaint Does Not Plausibly Allege That Any Such Violation Is Attributable to a City Policy, Custom, or Failure to Train or Supervise.*

And even if the allegations of the Complaint could plausibly establish a violation of Plaintiffs' Fourth Amendment rights, Plaintiffs' municipal liability claim under § 1983 (Count II) still fails to state a claim, as the Complaint fails to plausibly attribute any constitutional violation to a specific policy, custom, or failure-to-train on the part of the City as is required for municipal liability under § 1983.

A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To prevail against the City in a § 1983 claim, a plaintiff must allege that (1) a constitutionally-protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694–95.

Similarly, municipal officials sued in their individual capacity, such as Sgt. Hardman and Sheriff Bilal here, cannot be held vicariously liable for the constitutional violations of the employees that the officials supervise. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly, to the extent that Plaintiffs seek to hold Sgt. Hardman, Sheriff Bilal, or the City vicariously liable for the constitutional violations of other officials under a theory of

14

respondeat superior, *see* Compl., ECF No. 1, at ¶ 36, that effort fails. And to the extent that Plaintiffs seek to hold Sgt. Hardman or the Sheriff Bilal liable as a policymakers for the City, that effort fails for the same two reasons as Plaintiff's municipal liability claim against the City under *Monell* fails, which reasons are discussed below.

First, for the reasons set out in Part IV.B.1, above, Plaintiffs fail to allege a plausible claim for a violation of their Fourth Amendment rights. As explained above, "there must . . . be a violation of the plaintiff's constitutional rights" for a municipal liability claim under § 1983 to proceed. *Johnson.* 975 F.3d at 403. Thus, because there is no plausible violation of Plaintiffs' Fourth Amendment rights, there can be no municipal liability premised on such a violation.

Second, even if Plaintiffs had plausibly alleged a violation of their Fourth Amendment rights, Plaintiffs still fail to allege any specific, nonconclusory facts supporting a plausible inference that the violation was the result of any specific policy, custom or failure to train or supervise on the part of the City. *See, e.g.*, *Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (holding that a failure-to-train claim under *Monell* must be supported by nonconclusory factual allegations that "specifically demonstrate how the training programs [at issue] were inadequate").

For example, in *Torres v. City of Allentown*, cited above, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." 2008 WL 2600314, at *5. The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons

15

responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Likewise here, Plaintiffs' municipal liability claim (Count II) merely alleges in conclusory fashion that the City "failed to train and supervise Defendant Hardman how to determine if the target of a search warrant is deceased." Compl., ECF No. 1, at ¶ 40. This conclusion is unsupported by any specific factual allegations, such as similar past conduct on the part of Sgt. Hardman or anyone else in the Sheriff's Department. *See id.* ¶ 28 (only asserting conclusorily that "Defendants Hardman and Bilal were aware of numerous previous instances of the Philadelphia Sheriff's Department executing search warrants for individuals who were deceased and failed to implement new policies designed to correct said past errors and/or oversights."). Accordingly, for this independent reason, Count II fails to state a plausible municipal liability claim.

## V. CONCLUSION

In sum, this lawsuit is the second action filed by Plaintiffs, and is based on the same facts that formed the basis for Plaintiffs' first action in the Philadelphia Court of Common Pleas, which was dismissed with prejudice. As a result, this entire action is barred by the doctrine of res judicata. And even if it were not, Plaintiffs' Complaint still fails to state a plausible claim for a constitutional violation or municipal liability premised on any such violation.

For either or both of these reasons, this Court should dismiss this matter in its entirety with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Adam R. Zurbriggen |
| Date: February 23, 2024 | Adam R. Zurbriggen |
|  | Deputy City Solicitor |
|  | Pa. Attorney ID No. 331169 |
|  | City of Philadelphia Law Department |
|  | 1515 Arch Street, 14th Floor |
|  | Philadelphia, PA 19102 |
|  | 215-683-5114 (Phone) |
|  | 215-683-5397 (Fax) |
|  | adam.zurbriggen@phila.gov |
|  | *Attorney for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHA MELTON & ELIACIN JUARBE,** | : | |
| **Plaintiffs,** | : | **Civil Action** |
| v. | : | **No. 23-5148** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim was filed and served on all counsel of record via the Court's electronic filing system and is available for viewing and downloading.

/s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

Date: February 23, 2024