IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYSHA MELTON, et al.,<br><br>    *Plaintiffs,*<br><br>  v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>    *Defendants.* | Case No. 2:23-cv-05148-JDW |

### MEMORANDUM

In our legal system, if someone wrongs you, you get one try to hold them liable. That means that when you sue, you have to assert all the claims that you have against them. You can't hold some in reserve to assert later in case the first case goes badly. We enforce that rule through the doctrine of *res judicata*, which bars re-litigation both of claims that a party asserts and claims that a party could have asserted that arise from the same events.

Tysha Melton and Eliacin Juarbe sued several defendants in state court over a law enforcement raid of their home. A judge in the Court of Common Pleas sustained preliminary objections and dismissed their claims with prejudice. Now, they want a second bite at the apple. They've sued the same defendants for the same injuries stemming from the same raid. Even though they assert different theories of liability, *res judicata* bars their claims. I will therefore grant Defendants' motion to dismiss the case.

I.   BACKGROUND

   A.   The Home Raid

Tysha Melton and Eliacin Juarbe were parents to Travys Taylor. Mr. Taylor died on October 26, 2021, while criminal charges were pending against him. Those charges were then dropped. By January 28, 2022, the Pennsylvania Common Pleas Case Management System ("CPCMS") database categorized the action as "Case Dismissed – Defendant Deceased."

In March 2022, Sergeant Byron Hardman of the Philadelphia Sheriff's Department selected an outstanding bench warrant for Mr. Taylor to be executed at Ms. Melton and Mr. Juarbe's home. At that time, Sgt. Hardman and Sheriff Rochelle Bilal "were aware of numerous previous instances of the Philadelphia Sheriff's Department executing search warrants for individuals who were deceased and failed to implement new policies designed to correct said past errors and/or oversights." (ECF No. 1 ¶ 28.) Sgt. Hardman ran an ineffective search on the CPCMS that did not report that Mr. Taylor had died.

On March 25, 2022, law enforcement officers tried to execute the bench warrant on Mr. Taylor at his parents' home. They woke Ms. Melton and Mr. Juarbe by banging and yelling at their door. The officers entered the home with guns drawn and pushed Ms. Melton into her television stand. Only after finding a memorial built for Mr. Taylor did the officers leave the home.

B.     **State Court Action**

On May 19, 2022, Ms. Melton and Mr. Jurabe sued the City of Philadelphia, the Sherriff's Department, and "John Does 1-50" in the Philadelphia Court of Common Pleas. (ECF No. 9-2.) Ms. Melton and Mr. Jurabe amended their complaint to include Sgt. Hardman and Sheriff Bilial. (*See* ECF No. 9-5.) The amended complaint asserted state law claims for negligence, assault, negligent infliction of emotional distress, and intrusion upon seclusion. On September 14, 2023, the Court of Common Pleas sustained Defendants' preliminary objections to Plaintiffs' Fourth Amended Complaint and dismissed the suit with prejudice. (ECF No. 9-6.) Plaintiffs did not file an appeal.

C.     **Federal Court Action**

On December 28, 2023, Ms. Melton and Mr. Jurabe sued the City of Philadelphia, the Philadelphia Sheriff's Department, Sgt. Hardman, Sheriff Bilal and "currently Unknown Officers" of the Sheriff's Department in this case. (ECF No. 1 at 1.) Pursuant to 42 U.S.C. § 1983, the Complaint asserts violations of Fourth and Fourteenth Amendment rights, negligent training and supervision, violations of the Pennsylvania constitution, and negligent infliction of emotional distress. It seeks monetary damages as well as "any and all other legal and/or equitable damages" appropriate. (*Id.* ¶ G.) Defendants filed a Motion to Dismiss arguing in relevant part that *res judicata* bars the current litigation. (*See* ECF No. 9.) Plaintiffs responded, and the Motion is ripe for disposition.

3

## II. LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). Although *res judicata* is an affirmative defense, a defendant may raise it on a motion to dismiss. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). A court must base its resolution of a *res judicata* issue only on those permitted sources. *See Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (*per curiam*) (citing *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972)).

## III. DISCUSSION

The *res judicata* effect of state court decisions in Section 1983 actions is a matter of state law. *See Heck v. Humphrey*, 512 U.S. 477, 480 n.2 (1994). Under Pennsylvania law, *res judicata* "bars a later action on all or part of the claim which was the subject of the first action." *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (1995). "For the doctrine of *res judicata* to prevail, Pennsylvania courts require that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v.*

*Bearoff Bros., Inc.*, 327 A.2d 72, 74 (1974)). Defendants, asserting *res judicata*, bear the burden of showing that it applies. *See Davis v. U.S. Steel Supply*, 688 F.2d 166, 170 (3d Cir. 1982) (*en banc*).

### A. The Thing Sued For

The first requirement is met "when the same act or occurrence underlies both actions." *Janneh v. Westgate Hill SNF LLC*, No. CV 15-2012, 2015 WL 9302907, at *4 (E.D. Pa. Dec. 22, 2015) (citing *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988)). In both actions, Ms. Melton and Mr. Jurabe sue to redress the sheriff's raid of their home on March 25, 2022. Both complaints allege that law enforcement officers awoke Ms. Melton and Mr. Jurabe and they shoved Ms. Melton when they entered the home. The wrongful act in both cases is allegedly unconstitutional entry into the home and the unnecessary or excessive use of force. Therefore, both cases sue for the same "alleged wrongful act." *Gregory*, 843 F.2d at 116.

Ms. Melton and Mr. Jurabe argue that their municipal liability claims are somehow different because they allege a practice or policy of improper search warrants. But their argument misconstrues the nature of a municipal liability claim. Such a claim arises out of an unconstitutional act by a municipal employee and seeks to recover for that unconstitutional act. The requirement of a policy or custom is a way of attributing an employee's improper acts to the municipality because the municipality cannot be liable just based on its status as an employer. But that doesn't change the fact that the liability

arises only if there has been an unconstitutional act. In this case, that means that the raid, and not the policy itself, harmed Ms. Melton and Mr. Jurabe. Thus, it's the same allegedly illegal act at issue in both cases.

### B. Cause Of Action

The term "cause of action" refers to the actual cause that brings the parties to the court, not to the specific claims that a plaintiff asserts. *Res judicata* applies "to claims which *could have been litigated* during the first proceeding if they were part of the same cause of action." *Balent*, 669 A.2d at 313 (emphasis added). To determine if there's an identity of the causes of action in two different cases, courts consider "the similarity in the acts complained of and the demand for recovery as well as the identity of the witnesses, documents and facts alleged." *Dempsey v. Cessna Aircraft Co.*, 177, 653 A.2d 679, 681 (1995). But "[m]ultiple claims do not arise solely because a number of different legal theories deriving from a specific incident are used to assert liability." *Gregory*, 843 F.2d at 117. What matters instead is the "nub of the controversy." *Id.* at 118.

The nub of both this case and the prior state court action is the raid on the house. It is the officers' conduct during it that raid that causes all of the harms that Ms. Melton and Mr. Jurabe posit. The witnesses in both cases will be the same (with the exception of some additional witnesses to address the Sheriff's Department's customs and policies). Nothing prevented Ms. Melton and Mr. Jurabe from pursuing the claims that they assert in this case during their state court action. The state court had the power to hear all of

those claims because federal and state courts have concurrent jurisdiction to hear Section 1983 claims. *See Haywood v. Drown*, 556 U.S. 729, 735 (2009). So, even though the two cases do not assert the same legal theories of liability, they arise from a single cause of action.

Ms. Melton and Mr. Jurabe point out that they seek damages and injunctive relief in this case, but they only sought damages in state court. That might be true, but it doesn't matter. There may be one cause of action even if several legal theories spring from the wrong and allow for "different measures of liability or different kinds of relief." *Gregory*, 843 F.2d at 117 (citation omitted). Thus, seeking injunctive relief in a second suit does not save it from the application of *res* judicata. *See Helmig v. Rockwell Mfg. Co.*, 131 A.2d 622, 626 (1957).

C. **Remaining Requirements**

Ms. Melton and Mr. Jurabe do not dispute that the third and fourth requirements are met, nor could they. The parties in each action are the same. (*Compare* ECF No. 1 *with* ECF No. 9-2 *and* ECF No. 9-5.) The parties have the same capacities to sue or be sued.

There was a final judgment on the merits in the prior litigation. Dismissing an action for a failure to state a claim, as the state court did here, is a final judgment on the merits under Pennsylvania law. *See Metroka v. Pennsylvania State L. Enf't*, No. CV 23-601, 2023 WL 2843785, at *3 (E.D. Pa. Apr. 7, 2023).

## IV.　CONCLUSION

Plaintiffs sued for the injury they suffered on March 25, 2022, and a court decided those claims. They can't have a second bite at the apple by asserting new theories of liability. Because *res judicata* applies to bar their claims in this case, I must dismiss their Complaint, and I will do so with prejudice because there's nothing they could plead that would change the outcome. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 12, 2024